UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVE SMITH,

        Plaintiff,        Civil Action No. 17-11934
                              Honorable Sean F. Cox
v.                            Magistrate Judge Elizabeth A. Stafford

BYRON TAULTON,
JOHN DOE,

        Defendants.
_____/

**REPORT AND RECOMMENDATION TO ENTER A DEFAULT JUDGMENT AGAINST DEFENDANT BYRON TAULTON**

**I. Introduction**

*Pro se* plaintiff Steve Smith brought this 42 U.S.C. § 1983 prisoner civil rights case in June 2017 alleging a violation of his Eighth Amendment rights. [ECF No. 1]. The Honorable Sean F. Cox referred the case to the undersigned to resolve all pretrial matters under 28 U.S.C. § 636(b)(1)(A) and (B). [ECF No. 7]. Defendant Byron Taulton was served on June 28, 2018, [ECF No. 17], and twice ordered to file an answer or other responsive pleading. [ECF Nos. 19, 22]. *See* 42 U.S.C. § 1997e(g)(2) ("The court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits."). The orders warned Taulton that a failure to

respond could result in a default judgment against him.  [ECF Nos. 19, 22]. The deadlines given to Taulton have expired, and he has not responded to the complaint.  The Court thus recommends that a default judgment be entered against him in an amount to be determined by Judge Cox.

## II. Analysis

In *Dell, Inc. v. Advicon Computer Servs., Inc.*, the court noted that, although no rule or statute authorizes entry of default judgment for failure to obey court orders in general, a court has the inherent authority to do so. No. 06-11224, 2007 WL 2021842, at *5 (E.D. Mich. July 12, 2007) (Lawson, J.). The *Dell* court cited several examples:

> *See In re Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1304-06 (11th Cir. 2006) (upholding entry of default judgment as proper use of court's inherent authority where party failed to respond to court orders, failed to appear before the court, and failed to engage in court-ordered discovery); *Thomas, Head, & Griesen Employees Trust v. Buster*, 95 F.3d 1449, 1457-59 (9th Cir. 1996) (upholding entry of default judgment based on inherent authority where party completely ignored the terms of an injunctive order and other court orders); *Shepherd v. American Broadcasting Cos., Inc.*, 62 F.3d 1469, 1472 (D.C. Cir. 1995) ('As old as the judiciary itself, the inherent power enables courts to protect their institutional integrity and to guard against abuses of the judicial process with contempt citations, fines, awards of attorneys' fees, and such other orders and sanctions as they find necessary, including even dismissals and default judgments.'); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 47-50, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (discussing the broad scope of a court's inherent authority).

*Id.* With no Sixth Circuit authority establishing the appropriate circumstances for entering a default judgment for failure to abide by court orders, the *Dell* court relied on the Sixth Circuit test for entering a default judgment as a discovery sanction:

> (1) whether the conduct at issue was the result of willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the disobedient party's conduct; (3) whether the disobedient party was warned that failure to cooperate could lead to default judgment; and (4) whether less drastic sanctions were imposed or considered before entry of default judgment.

*Id.*, (citing *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990)).

In *United States v. Griffin*, the court relied on *Dell* to recommend a default judgment against the defendant. No. 12-13927, 2013 WL 1843779 (E.D. Mich. Mar. 20, 2013), *adopted*, 2013 WL 1831323 (E.D. Mich. Apr. 30, 2013). The defendant in *Griffin* had failed to respond to a motion for summary judgment despite being ordered to do so and warned about possible sanctions, including a grant of summary judgment in the plaintiff's favor. *Id.* at *1. The defendant failed to respond to both the motion for summary judgment and a show cause order. *Id.*

Applying the four factors, the *Griffin* court found that the defendant's failures were her fault and emphasized that "the Court does not expect plaintiff to either wait indefinitely or continue to incur litigation expenses

3

when it is clear that defendant has abandoned all defense of this matter." *Id.* at *2. The *Griffin* court also saw "no utility in considering or imposing lesser sanctions" since the defendant had not filed responses as ordered, including her failure to respond to the show cause order. *Id.* The court thus recommended that a default judgment be entered in an amount to be determined by the district court, and that all pending motions be terminated as moot. *Id.*

Application of the four factors outlined in *Dell* to this case renders the same recommendation as in *Griffin*. Taulton failed to respond to the complaint despite being ordered to do so in October 2018 and again in April 2019, and despite being warned that his failure to do so could result in a default judgment. Taulton's failure to respond to this Court's orders results from willfulness, bad faith or, at the very least, his fault. Taulton's failure to engage in this litigation has also prejudiced Smith because the matter has now been pending for over a year without progressing beyond the point of service. Smith's injuries, to the extent that they are actionable, remain unremedied. Smith should not be expected to wait indefinitely until Taulton is somehow compelled to participate in this litigation. Finally, like the court in *Griffin*, this Court sees no utility in considering or imposing lesser sanctions given Taulton's complete failure to respond as directed to

4

previous orders. Thus, all the factors outlined in *Dell* weigh in favor of entering a default judgment against Taulton.

### III. Conclusion

The Court **RECOMMENDS** that default judgment be entered against Taulton, and in favor of Smith, in an amount determined by Judge Cox.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: July 10, 2019

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers*

5

*Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 10, 2019.

>                       s/Marlena Williams
>                       MARLENA WILLIAMS
>                       Case Manager