UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Steve Smith,

    Plaintiff,

v.                                            Case No. 17-11934

Byron Taulton, John Doe,         Sean F. Cox
                                                     United States District Court Judge

    Defendants.
_____/

**ORDER**
**ADOPTING REPORT AND RECOMMENDATION,**
**ENTERING DEFAULT AGAINST DEFENDANT TAULTON, AND**
**SETTING EVIDENTIARY HEARING TO DETERMINE AMOUNT OF DAMAGES**

Plaintiff Steve Smith ("Smith") filed this 42 U.S.C. § 1983 prisoner civil rights case on June 16, 2017, asserting his claims against: 1) Defendant Byron Taulton ("Taulton"); and 2) "John Doe," an unidentified person.

The matter was referred to Magistrate Judge Elizabeth Stafford for "all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or report and recommendation on all dispositive matter pursuant to 28 U.S.C. § 636(b)(1)(B)." (ECF No. 7).

On July 10, 2019, the magistrate judge issued a Report and Recommendation ("R&R") wherein she recommends that default judgment be entered against Defendant Byron Taulton, and in favor of Smith, in an amount determined by Judge Cox. (ECF No. 23).

Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must filed objections to the R&R within fourteen (14) days after

1

being served with a copy of the R&R.  "The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made." *Id*.

The time for filing objections to the R&R has expired and the docket reflects that no objections were filed.

Rule 55(a) of the Federal Rules of Civil Procedure provides that a default can be entered against a party for failure to plead or otherwise defend the claim.  This Court **ORDERS** that the July 10, 2019 R&R is adopted, to the extent that the Court **ORDERS** that a default is hereby entered against Defendant Taulton in this action.

With a default entered against him, Defendant Taulton's liability in this action is now established.   In order to obtain a default judgment, the proponent must seek entry of a default judgment from the clerk or by the Court.  FED. R. CIV. P. 55(b).

Here, Smith's damages are unliquidated.  Prior to this Court's issuance of this Order, Smith filed a Motion for Default Judgment (ECF No. 24), asking that a default judgment be entered in his favor in the amount of $95,000.00.  The motion does not submit any affidavits, or any other evidence, in support of the requested damages.

Where damages are unliquidated, a default admits only the defendant's liability and the amount of damages must be proved.  *Antoine v. Atlas Turner, Inc*., 66 F.3d 105, 110 (6th Cir. 1995).  Thus, this Court must make an appropriate inquiry in order to ascertain the amount of damages.  *Vesligaj v. Peterson*, 331 Fed.Appx. 351, 355 (6th Cir. 2009).

Although this Court is not required to conduct a hearing, and in an appropriate case could base its damages ruling upon materials submitted along with a Motion for Default Judgment, that

is not the case here. Accordingly, the Court shall schedule an evidentiary hearing to determine the amount of Smith's damages.

IT IS ORDERED that Smith's Motion for Default Judgment is taken under advisement and the Court shall hold an evidentiary hearing to determine the amount of Smith's damages on December 19, 2019 at 2:00 p.m.

IT IS SO ORDERED.

                                                                s/Sean F. Cox
                                                                Sean F. Cox
                                                                United States District Judge

Dated: September 6, 2019

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 6, 2019, by electronic and/or ordinary mail.

                                                                s/Jennifer McCoy
                                                                Case Manager