UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Steve Smith,

    Plaintiff,

v.                                                      Case No. 17-11934

Byron Taulton, *et al.*,                  Sean F. Cox
                                                        United States District Court Judge

    Defendant.

_____/

**OPINION AND ORDER
ADJUDGING BYRON TAULTON IN CONTEMPT OF COURT
AND ESTABLISHING PROCEDURE FOR ISSUANCE OF BENCH WARRANT**

This is a prisoner civil rights case that the Court closed on December 23, 2019 with a Default Judgment against Defendant Byron Taulton ("Taulton"). (ECF No. 30). The matter currently before the Court is Plaintiff's Motion to Hold Taulton in Civil Contempt and for a Bench Warrant. (ECFs No. 45, 71).

For the reasons explained below, the Court GRANTS Plaintiff's motion to the extent that Taulton is adjudged in contempt of court and **if Taulton fails to purge himself of contempt as described in this Order, the Court shall issue a bench warrant for the immediate arrest of Byron Taulton** requiring bond in the amount of $5,000.00 and requiring his immediate appearance before this Court.

**BACKGROUND**

On June 16, 2017, Plaintiff Steve Smith ("Smith") initiated this § 1983 action *pro se* against Taulton and a John Doe alleging that they violated his Eighth Amendment rights based on events that occurred on December 30, 2014. (ECF No. 1).

1

On December 19, 2019, the Court held an evidentiary hearing regarding Smith's motion for default judgment as to Taulton. (ECF No. 28). On December 23, 2019, the Court entered default judgment against Taulton in the amount of $95,000.00. (ECF No. 30).

On March 2, 2020, Smith filed a *pro se* Motion for Writ of Execution to Enforce Judgment and Compel Discovery Pursuant to FED. R. CIV. P. 69(a)(1) & (2) and MCL 600.6104. (ECF No. 31). Smith argued that despite the Court entering default judgment against Taulton, "to date, defendant Taulton has not paid any monies to toward this Court's Judgment and has not made any good faith gestures demonstrating that he intends to do so." (ECF No. 31, at PageID 93). On November 4, 2020, the Court concluded that it would benefit the parties and the Court if Smith was given the benefit of representation by an attorney assigned under the Court's *pro bono* program, and the Court ordered that appointment of counsel be granted to Smith. (ECF No. 33). On November 5, 2020, Mr. Frank J. Lawrence was assigned to represent Smith. (ECF No. 34). Since then, Mr. Lawrence has diligently represented Smith in connection with his collection efforts. (ECF Nos. 35, 45, 48, 51, and 71).

On January 19, 2021, the Court granted Mr. Lawrence's request to hold a creditor's examination and ordered Taulton to produce financial records – including "[f]ull and complete state and federal tax returns and accompanying schedules . . . all W2s, 1099s, Schedule Ks, or similar reports of income" for specific years – "[w]ithin 60 days of receiving [the] Order." (ECF No. 38, at PageID 134-137).

The creditor's examination was initially set for April 14, 2021. (ECF No. 38, at PageID 134). On March 15, 2021, the Court stayed the creditor's examination because the Court was

2

closed due to the COVID-19 pandemic. (ECF No. 41). On July 9, 2021, the Court issued an order to appear for the rescheduled the creditors examination on October 14, 2021. (ECF No. 43).

On July 17, 2021, Deputy Sheriff James Southworth personally served Taulton with the Court's January 19, 2021 "Order Prohibiting Transfer of Assets and Compelling Creditor's Examination" and its July 9, 2021 "Order to Appear for Rescheduled Creditor's Exam." (ECF No. 44).

Smith states that Taulton has failed to produce any records or otherwise respond to the orders. (ECF No. 45, at PageID 158). On September 20, 2021, Mr. Lawrence mailed Taulton a letter that detailed the 60-day deadline, asked Taulton or his representative to contact him, and stated that "[h]e would like to avoid a situation where [Taulton is] found to be in contempt for failing to comply with the above-referenced Order of the Court." (ECF No. 45-2, at PageID 163). Mr. Lawrence states that Taulton did not respond to the letter. (ECF No. 45, at PageID 158). On September 27, 2021, Smith moved for contempt proceedings because Taulton failed to comply with the Court's order to produce documents. (ECF No. 45).

Taulton also failed to appear for the creditor's examination on October 14, 2021. (ECF No. 48-2, at PageID 183-187). Consequently, Smith then moved to hold Taulton in contempt for failing to appear for the examination. (ECF No. 48). Taulton did not file a response to either of Smith's motions for contempt.

On December 20, 2021, Magistrate Judge Elizabeth A. Stafford issued a Report and Recommendation, which recommended that the Court order Taulton to show cause why he should not be held in contempt for failing to obey court orders. (ECF No. 53). On February 15, 2022, the Court adopted the December 20, 2021 Report and Recommendation (ECF No. 55) and ordered

Taulton to appear before the Court on April 7, 2022 at 2 p.m. to show cause why he should not be held in civil contempt for failure to comply with the court orders to produce documents and appear for the creditor's examination (ECF No. 56).

On April 7, 2022, at 2 p.m., the Court and Mr. Lawrence waited 20 minutes for Taulton to appear at the show cause hearing. Once it became obvious that Taulton was not going to appear, Mr. Lawrence argued that the Court should find Taulton in civil contempt of court and requested that the Court issue a bench warrant for Taulton's arrest. Even after the conclusion of Mr. Lawrence's arguments at 2:33 p.m., Taulton had not appeared. The Court took Mr. Lawrence's motion under advisement and requested that Mr. Lawrence submit supplemental briefing on the issue. Mr. Lawrence did so on April 11, 2022. (ECF No. 71).

## ANALYSIS

"When a court seeks to enforce its order or supervise its judgment, one weapon in its arsenal is contempt of court." *Elec. Workers Pension Fund of Local Union # 58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003). The Supreme Court and the Sixth Circuit have emphasized the importance of the district court's power to hold parties in contempt of court:

> Recognizing that the power "to punish for contempts" should not be used lightly, the Supreme Court has stated that this power "is a necessary and integral part of the independence of the judiciary, and is absolutely essential to the performance of the duties imposed on them by law. Without it they are mere boards of arbitration, whose judgments and decrees would only be advisory.

*Id*. (quoting *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 450 (1911)).

Civil contempt is remedial and is imposed "for the benefit of the complainant." *Gompers*, 221 U.S. at 450. The purpose of civil contempt is "to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." *United States v. United*

4

*Mine Workers of Am.*, 330 U.S. 258, 303-304 (1947). "Contempt proceedings enforce the message that court orders and judgments are to be complied with in a prompt manner." *Gary's Elec.*, 340 F.3d at 378. A finding of civil contempt "[is] considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard. Neither a jury trial nor proof beyond a reasonable doubt is required." *Int'l Union, United Mine Workers of America v. Bagwell,* 512 U.S. 821, 827, 114 S.Ct. 2552, 129 L.Ed.2d 642 (1994) (footnote omitted).

The party seeking a contempt order "must establish three elements by clear and convincing evidence: (1) the alleged contemnor had knowledge of the order which he is said to have violated; (2) the alleged contemnor did in fact violate the order; and (3) the order violated must have been specific and definite." *Hunter v. Magack (In re Magack),* 247 B.R. 406, 410 (Bankr. N.D. Ohio 1999) (citing *Glover v. Johnson,* 138 F.3d 229, 244 (6th Cir. 1998)). The Sixth Circuit has emphasized that "[w]illfulness is not an element of civil contempt, so the intent to disobey a court order is irrelevant to the validity of a contempt finding." *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996).

"Once the movant establishes his prima facie case, the burden shifts to the contemnor who may defend by coming forward with evidence showing that he is *presently* unable to comply with the court's order." *Gary's Elec.*, 340 F.3d at 379 (citing *United States v. Rylander*, 460 U.S. 752, 757 (1983)). To meet this burden production in the Sixth Circuit, "a defendant must show categorically and in detail why he or she is unable to comply with the court's order." *Rolex v. Crowley*, 74 F.3d at 720. "When evaluating a defendant's failure to comply with a court order, [the

Court] also consider[s] whether the defendant "took all reasonable steps within his power to comply with the court's order." *Gary's Elec.*, 340 F.3d at 379.

Courts generally use two different methods to coerce a contemnor into compliance. The first is a monetary fine that either compensates the complainant for demonstrated damages resulting from the contempt or a fine payable into the court that can be avoided by "performing the act required by the court's order[.]" *United States v. Bayshore Assoc., Inc.,* 934 F.2d 1391, 1400 (6th Cir. 1991) (citations and quotation marks omitted). The second permitted sanction for civil contempt is incarceration. "Incarceration has long been established as an appropriate sanction for civil contempt." *Id.* (collecting United States Supreme Court cases dating back to 1911). Importantly, for civil contempt, "incarceration must be conditional. That is, once the defendant performs the act required by the court, he must be released." *Id*.

In *Korrey v. Ferguson*, the Western District of Michigan was presented with a similar situation. No. 1:10-cv-755, 2012 WL 13018992 (W.D. Mich. Dec. 28, 2012). The court issued a judgment in favor of the plaintiff, and when defendants did not pay, the plaintiff sought assistance from the court in his collection efforts. *Id*. at *1. The defendants repeatedly did not comply with the court's orders regarding collection, which led to the court to adjudge defendants in contempt of court and to issue warrants for their arrest. *Id*. at *4. ("After considering the record and the ineffectiveness of previously attempted remedies, the Court agrees with Plaintiff that the best way to secure compliance with its previous Orders is to issue arrest warrants for Defendants[.]").

Here, as explained by the Report and Recommendation issued by the magistrate judge, which was adopted by this Court, Smith has established his prima facie case to show contempt because: (1) Taulton knew about the January 19, 2021 "Order Prohibiting Transfer of Assets and

6

Compelling Creditor's Examination" and the July 9, 2021 "Order to Appear for Rescheduled Creditor's Exam" because he was personally served with them; (2) Taulton did in fact violate the orders by failing to produce financial records and by not appearing for the October 14, 2021 creditor's examination; (3) the orders were specific and definite. *See Glover*, 138 F.3d at 244.

After Smith established his prima facie case, the burden of production shifted to Taulton, who had the opportunity to defend himself – by producing evidence to show that he is presently unable to comply with the court's order – at the show cause hearing on April 7, 2022. *See Gary's Elec.*, 340 F.3d at 382-384. However, as established above, Taulton failed to appear before the Court on April 7, 2022.

As Taulton's noncompliance stems from his failure to pay a $95,000.00 judgment, the Court does not find that a monetary fine would coerce Taulton into compliance. Therefore, just as in *Korrey*, the Court finds the best way to secure compliance with its previous Orders is to issue an arrest warrant for Taulton. *See Korrey*, 2012 WL 13018992 at *4.

## CONCLUSION

For the reasons described above, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. **BYRON TAULTON is hereby adjudged in contempt of this court** for his failure to comply with the following Court orders: the January 19, 2021 "Order Prohibiting Transfer of Assets and Compelling Creditor's Examination" (ECF No. 38) and the July 9, 2021 "Order to Appear for Rescheduled Creditor's Exam" (ECF No. 43).

2. **Taulton may purge himself of contempt by completing all of the following**:

   i. Contacting Plaintiff's counsel, Mr. Frank Lawrence, by telephone at (248) 722-2560 (within five (5) business days from the date of Plaintiff's service of this Order by personal service as set forth in paragraph 4 below) to promptly arrange for a judgment debtor examination to be conducted at the Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Detroit, MI 48226.

   ii. Appear at said examination, and produce all books and records as set forth in the Order Prohibiting Transfer of Assets and Compelling Creditor's Examination (ECF No. 38); and

   iii. Paying costs in an amount to be determined by the Court upon further application by Plaintiff subsequent to the completion of the judgment debtor examination, in the form of cash or certified or cashier's check made payable to Plaintiff, Steve Smith.

3. **In the event that Taulton fails to purge himself of contempt by complying with each of the provisions of paragraphs 2(i)-(iii) above**, and upon filing by Plaintiff of an affidavit of such non-compliance, **this Court shall,** without further application to, or hearing before, **issue a bench warrant for the immediate arrest of Byron Taulton requiring bond in the amount of $5,000.00 and requiring his immediate appearance before this Court**.

4. Plaintiff shall serve a copy of this Order upon Byron Taulton by delivering a copy to Taulton personally; leaving a copy at Taulton's dwelling or usual place of abode with

someone of suitable age and discretion who resides there; or delivering a copy to an agent authorized by appointment or by law to receive service of process.

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: April 18, 2022